IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMERCIAL OFFICE FURNITURE | : | CIVIL ACTION |
| COMPANY, INC. t/a COFCO OFFICE | : | |
| FURNISHINGS, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| THE CHARTER OAK FIRE | : | |
| INSURANCE COMPANY | : | NO.  20-4713 |

## <u>ORDER-MEMORANDUM</u>

**AND NOW**, this 23rd day of March, 2022, upon consideration of "Defendant's Motion for

Reconsideration of the Court's Order Granting Plaintiff's Motion to Remand" (Docket No. 16)

and all documents filed in connection therewith,  **IT IS HEREBY ORDERED** that Defendant's

Motion for Reconsideration is **GRANTED** and our May 6, 2021 Order granting Plaintiff's Motion

to Remand and remanding this action to the Court of Common Pleas of Philadelphia County is

**VACATED** and the Motion to Remand is **DENIED**.

Plaintiff, Commercial Office Furniture Company, Inc., filed this breach of contract and

declaratory judgment action against The Charter Oak Fire Insurance Company ("Charter Oak") in

the Court of Common Pleas of Philadelphia County.  Plaintiff seeks payment under a policy of

insurance issued to it by Charter Oak for losses it has suffered as a result of orders issued by

Pennsylvania Governor Tom Wolf, Philadelphia Mayor Jim Kenney, and District of Columbia

Mayor Muriel Bowser, which required non-essential businesses to close their physical locations in

response to the COVID-19 pandemic.  Plaintiff seeks coverage under the business interruption,

extra expense, and civil authority provisions of the Charter Oak insurance policy.  Charter Oak

removed the action to this Court on the ground that we have diversity jurisdiction.

Plaintiff moved to remand this action to the Court of Common Pleas, asserting that it involves only an unsettled issue of Pennsylvania state insurance law that the courts of Pennsylvania should decide in the first instance.  At the time there was "'no appellate precedent in Pennsylvania addressing insurance coverage disputes arising from business losses caused by governmental closure orders in the wake of COVID-10.'"  Com. Off. Furniture Co., Inc. v. Charter Oak Fire Ins. Co., Civ. A. No. 20-4713, 2021 WL 1837412, at *4 (E.D. Pa. May 7, 2021) (quoting The Scranton Club v. Tuscarora Wayne Mutual Group, Inc., No. 20 CV 2469, 2021 WL 454498, at *9 (Lackawanna Cnty. Ct. of Common Pleas Jan. 25, 2021)).  We found that "'[i]nsurance liability related to the COVID-19 pandemic is likely to be the subject of a significant number of cases in Pennsylvania state court.'"  Id. (quoting Greg Prosmushkin, P.C. v. Hanover Ins. Grp., 479 F. Supp. 3d 143, 151 (E.D. Pa. 2020)).  We further found that "'clarifying whether or not certain language in insurance policies creates coverage for losses due to COVID-19 will impact a significant portion of the population operating businesses of all kinds throughout the Commonwealth.'"  Id. (quoting Greg Prosmushkin, P.C., 479 F. Supp. 3d at 151).  We noted that "'that the COVID-19 pandemic presents a complex and novel factual situation . . . [and that] the resulting legal disputes are deeply tied to Pennsylvania public policy, as well as the intricacies of Pennsylvania insurance contract interpretation,' such that" it would be "'most appropriate to "step back' in this instance.'"  Id. (quoting Venezie Sporting Goods, LLC v. Allied Ins. Co. of Am., Civ. A. No. 20-1066, 2020 WL 5651598, at *5 (W.D. Pa. Sept. 23, 2020)).  We concluded "that there are exceptional circumstances as described in Colorado River that warrant[ed] remanding this action notwithstanding our 'virtually unflagging obligation to exercise . . . jurisdiction.'"  Id. at *5 (alteration in original) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).  We thus granted the Motion to Remand because this case "'present[s] difficult

questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case . . . at bar." Id. (alterations in original) (quoting Colorado River, 424 U.S. at 814).

Defendant asks that we reconsider our Memorandum and Order remanding this action based on the decision by the United States Court of Appeals for the Third Circuit in DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co., 10 F.4th 192 (3d Cir. 2021).[1]  "'The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'"  Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (alterations in original) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  A proper motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'"  Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).

Defendant maintains that the Third Circuit's decision in DiAnoia's Eatery is an intervening change in the controlling law that conclusively demonstrates that the instant case does not present exceptional circumstances that warrant remanding it to the Philadelphia Court of Common Pleas. The plaintiffs in DiAnoia's Eatery are three restaurants that were subjected to governmental orders restricting their ability to conduct their business in response to the Covid-19 pandemic.  10 F.4th at 195-96.  The restaurants had brought separate state court declaratory judgment actions against their insurers, each seeking a "declaration that its respective Insurer was obligated to provide

---

[1] Since we grant the Motion with respect to this argument, we need not address Defendant's other argument that we erred by invoking Colorado River abstention even though there is no parallel state court proceeding.  (See Def.'s Mem. at 3.)

3

coverage for COVID-19-related losses under an insurance policy." Id. at 196.  The insurers removed those actions to federal court and "each District Court exercised its discretion under the Declaratory Judgment Act to abstain from hearing the case and ordered the matter be remanded to state court." Id. (citation omitted).  The Third Circuit "conclude[d] that the District Courts erred in weighing factors relevant to the exercise of discretion under the DJA," vacated the district court orders, and remanded the three actions to the district courts for further consideration of the factors to be considered in deciding whether to exercise jurisdiction under the DJA.  Id.

The district courts in DiAnoia's Eatery had remanded the insurance coverage declaratory judgment actions before them to state court because: (1) those cases "raised novel business insurance coverage issues under Pennsylvania law," which would require the federal courts to "predict[] how Pennsylvania courts would decide the COVID-19 coverage issues with little or no persuasive authority from the Pennsylvania state courts"; (2) the insurance coverage issues, which concern coverage for "business interruption, civil authority, extra expense, [and] contamination, as well as pertinent exclusions raised by the defense . . . are best reserved for the state court to resolve in the first instance"; and (3) these "novel and important issues of state insurance law" included issues of public policy, which "would require circumstance-specific determinations that would be made with relatively undetermined state law and implications of important state public policy." Id. at 199-201 (quotations omitted).  The Third Circuit determined that the legal issues involved in these three cases were not actually novel, but involved familiar principles of insurance law, namely that "an insurance policy is a contract"; that "courts should give the [insurance] policy's words their plain, ordinary meaning" when interpreting a contract; that we should interpret the policy as written if the policy terms are clear; and that, if the language of the policy is susceptible to more than one meaning we should interpret it "to comport with the reasonable

expectations of the insured." Id. at 208 (quotations omitted).  The Third Circuit also admonished that "'[f]ederal courts are, of course, perfectly capable of applying state law, even where nonfrivolous arguments are raised to change it.'"  Id. at 209 (alteration in original) (quoting Reifer, 751 F.3d at 149).

"[T]he COVID-19 pandemic is unprecedented." Tumi, Inc. v. Factory Mut. Ins. Co., Civ. A. No. 21-2752, 2021 WL 4170051, at *3 (D.N.J. Sept. 14, 2021).  Nonetheless, "as the Third Circuit has stated, that does not mean that the relevant issues of insurance law are so unsettled" that we must remand cases involving these issues to the state court. Id. (citing DiAnoia's Eatery, 10 F.4th at 207-08); see also Greenwood Racing Inc. v. Am. Guarantee & Liab. Ins. Co., Civ. A. No. 21-1682, 2021 WL 4902343, at *3 (E.D. Pa. Oct. 20, 2021) ("The guiding principles of Pennsylvania insurance law are well settled."  (citing Kurach v. Truck Ins. Exch., 235 A.3d 1106, 1116 (Pa. 2020); Gallagher v. GEICO Indem. Co., 201 A.3d 131, 137 (Pa. 2019); 401 Fourth St., Inc. v. Invs. Ins. Grp., 879 A.2d 166, 171 (Pa. 2005))).  "Any court deciding this case will be applying familiar principles of insurance law to the language of the insurance policy at issue. " Id. (citing DiAnoia's Eatery, 10 F.4th at 208).  "The issues at the heart of this lawsuit" like the issues in DiAnoia's Eatery and many other COVID-19 business insurance cases "are whether losses related to the COVID-19 pandemic and related government orders caused 'physical loss or damage' to plaintiffs' business and are the cause of Plaintiff's losses. Id. (See also Compl. ¶¶ 20-25.)  Thus, "[t]his is not a situation where there is 'such a paucity of authority from any Pennsylvania court . . . that predicting state law would be impossible.'"  Id. (alteration in original) (quoting DiAnoia's Eatery, 10 F.4th at 206).  In accordance with the holding of DiAnioa's Eatery, that the issues raised in this case may be decided pursuant to well settled principles of Pennsylvania

insurance law, we grant the Motion for Reconsideration, vacate our prior Order remanding this action to the Philadelphia County Court of Common Pleas, and deny the Motion to Remand.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.